**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON, | Case No.: 3:20-cv-00419-RCJ-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF Nos. 1, 1-1 |
| STATE OF NEVADA OFFICE OF THE ATTORNEY GENERAL, | |
| Defendants | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

1  The application must be made on the form provided by the court and must include a financial

2  affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

3      "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

4  particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

5  (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

6  benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

7      A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee;

8  therefore, the application should be granted.

9                                    **II. SCREENING**

10  **A. Standard**

11      "[T]he court shall dismiss the case at any time if the court determines that-- (A) the

12  allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails

13  to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

14  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

15      Dismissal of a complaint for failure to state a claim upon which relief may be granted is

16  provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

17  tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

18  court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668

19  F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to

20  state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

21  Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

22  Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

23  232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

2

1    The court must accept as true the allegations, construe the pleadings in the light most

2 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

3 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

4 stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

5 (1980) (internal quotation marks and citation omitted).

6    A complaint must contain more than a "formulaic recitation of the elements of a cause of

7 action," it must contain factual allegations sufficient to "raise a right to relief above the

8 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

9 must contain something more … than … a statement of facts that merely creates a suspicion [of]

10 a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a

11 plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at

12 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13    A dismissal should not be without leave to amend unless it is clear from the face of the

14 complaint that the action is frivolous and could not be amended to state a federal claim, or the

15 district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

16 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

17 **B. Plaintiff's Complaint**

18    Plaintiff's complaint names the State of Nevada Office of the Attorney General. Plaintiff

19 alleges that he was served with a felony complaint on or around July 2, 2020, which he claims

20 contains frivolous and false charges of theft and insurance fraud. He further avers that the service

21 of the complaint was by an Officer of the Reno Sparks Indian Colony Police Department, and

22 was therefore illegal. Plaintiff attaches a copy of the criminal complaint, which charges Plaintiff

23 with insurance fraud and theft.

1    Preliminarily, the State of Nevada and a governmental agency that is an arm of the state,

2  such as the Attorney General's Office, is not a person for purposes of section 1983. *See*

3  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Howlett v. Rose*, 496 U.S. 356,

4  365 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence*

5  *Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

6    Moreover, it appears that Plaintiff is attempting to assert a malicious prosecution claim

7  insofar as he asserts that the Attorney General's Office has brought false charges against him.

8  The Supreme Court has declined to decide whether a malicious prosecution claim is cognizable

9  under section 1983. *McDonough v. Smith,* 139 S.Ct. 2149, 2156 n. 3 (2019) ("this case provides

10  no occasion to opine on what the elements of a constitutional malicious prosecution action under

11  § 1983 are or how they may differ from those of a fabricated-evidence claim"); *Manuel v. City of*

12  *Joliet, III,* 137 S.Ct. 911, 921-22 (2017); *Wallace v. Kato*, 549 U.S. 384, 390 n. 2 (2007) ("We

13  have never explored the contours of a Fourth Amendment malicious prosecution suit under §

14  1983, *see Albright v. Oliver*, 510 U.S. 266, 270-71 (1994) (plurality), and we do not do so

15  here.").

16    The Ninth Circuit has not expressly weighed in on the issue, but implicitly recognized

17  such a claim in *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068-69 (9th Cir. 2004) (citations

18  omitted). There, the court stated that to prevail on this claim, the plaintiff "'must show that the

19  defendants prosecuted [him] with malice and without probable cause, and that they did so for the

20  purpose of denying [him] equal protection of another specific constitutional right.'" *Id*. Most

21  federal appellate courts have also recognized a malicious prosecution claim under section 1983.

22  *See, e.g., Pitt v. District of Columbia*, 491 F.3d 494 (D.C. Cir. 2007); *Britton v. Maloney*, 196

23  F.3d 24, 30 (1st Cir. 1999); *Swartz v. Insogna*, 704 F.3d 105 (2d Cir. 2013); *Johnson v. Knorr*,

1  477 F.3d 75 (3d Cir. 2007); *Evans v. Chalmers*, 703 F.3d 636, 646 n. 2 (4th Cir. 2012), *cert*

2  *denied*, 134 S.Ct. 98 (Oct. 7, 2013) and 134 S.Ct. 617 (Nov. 12, 2013); *Sykes v. Andeson*, 625

3  F.3d 294, 308-09 (6th Cir. 2010); *Novitsky v. Aurora*, 491 F.3d 1244 (10th Cir. 2007); *Wood v.*

4  *Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).

5          The Supreme Court noted the common law elements of the tort of malicious prosecution:

6  "a defendant instigated a criminal proceeding with improper purpose and without probable

7  cause" and the proceedings have terminated in favor of the accused. *See McDonough v. Smith*,

8  139 S.Ct. 2149, 2156 (2019) (citing Restatement (Second) of Torts § 653). Assuming that such a

9  claim is cognizable, the Supreme Court held that it accrues only once the underlying criminal

10  proceedings have resolved in the malicious prosecution plaintiff's (i.e., criminal defendant's)

11  favor. *McDonough v. Smith*, 139 S.Ct. 2149, 2156 (2019) (citing *Heck v. Humphrey*, 512 U.S.

12  477, 483 (1994)).

13          Here, Plaintiff does not allege that the criminal proceeding has terminated in his favor.

14  Therefore, even if he sued a proper defendant, such a claim has not yet accrued.

15          It is also appropriate for the court to abstain from this civil case where there is an ongoing

16  state court criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

17          Finally, to the extent Plaintiff argues that service of the criminal complaint was not

18  proper, that is something he should raise directly in the criminal case.

19          For these reasons, it is recommended that this action should be dismissed. The dismissal

20  should be without prejudice in the event Plaintiff can allege that the underlying criminal

21  proceeding has terminated in his favor and can sue a proper defendant; however, this action

22  should be administratively closed.

23

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITHOUT PREJUDICE,** and the action should administratively closed.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 18, 2020

William G. Cobb

_____
William G. Cobb
United States Magistrate Judge